UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALBERT RICHARD THATCHER,<br>　　　　Plaintiff,<br><br>v.<br><br>MCLENNAN COUNTY and<br>19TH DISTRICT COURT OF<br>MCLENNAN COUNTY,<br>　　　　Defendant. | §<br>§<br>§<br>§　CIVIL NO. 6:22-CV-595-ADA-DTG<br>§<br>§<br>§<br>§<br>§ |

**ORDER GRANTING PLAINTIFF'S MOTION**
**TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2) AND**
**RECOMMENDING DISMISSAL**

Before the Court is Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2). The Court, having considered this application, finds that it has merit and should be **GRANTED**. The Court further **RECOMMENDS** that this case be **DISMISSED** with prejudice to refiling.

### I.　BACKGROUND

This is the third of three complaints filed by the plaintiff. *See Thatcher v. State of Texas, et al.*, Case No. 6:21-cv-010142-ADA; *Thatcher v. McLennan County, Texas*, Case No. 6:21-cv-01136-ADA-JCM. The plaintiff's complaint refers to those two cases for "[a] full truthful testimony concerning the matter under question." Dkt. No. 1 at 2. Aside from that summary statement, the plaintiff's complaint is devoid of any factual allegations. In a report and recommendation addressing case number 6:21-cv-010142, the plaintiff's complaint in that case was described as "a winding, fifty-one-page diatribe alleging multiple violations of his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights, all stemming from his arrest and incarceration." Case No. 6:21-cv-01042, Dkt. No. 6 (Report and Recommendation granting *in forma pauperis* status and recommending dismissal, which was adopted by the district judge at

Dkt. No. 10). The complaint in case number 6:21-cv-01136 was a similarly lengthy and rambling allegation that the plaintiff's right to a speed trial had been denied in his underlying criminal state-court lawsuit. *See* Case No. 6:21-cv-01136, Dkt. No. 1 (Complaint); Dkt No. 5 (Report and recommendation granting in forma pauperis status and recommending dismissal, which was adopted by the district judge at Dkt. No. 8). The plaintiff's complaint in this case summarily seeks redress for violations of the plaintiff's "5th and 6th amendment rights" because he was "falsely accused and innocent." Dkt. No. 1 at 2.

## II. LEGAL ANALYSIS

The plaintiff, proceeding *pro se*, filed AO Form 240 declaring that he cannot pay the Court's filing fee. Dkt. No. 2. Title 28 of the United States Code allows an indigent person to seek permission to file a civil suit without paying the filing fee by submitting a specific affidavit. 28 U.S.C. § 1915(a)(1). The affidavit must include "a statement of all assets such [person] . . . possesses [and] that the person is unable to pay such fees or give security therefor." *Id.*

Once a party is approved to file *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) allows a court to dismiss an action if it is frivolous. This prevents parties from abusing the privilege by filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke*, 490 U.S. at 325. A complaint is malicious if a plaintiff has already asserted these claims in a pending or previous lawsuit against the same or different defendants. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The plaintiff has demonstrated his indigent status. His application shows that having to pay his filing fee would cause the plaintiff undue financial hardship. The plaintiff reports his monthly gross income to be $0.00. Dkt. No. 2 at 1. He confirms that he receives no income of

any kind. The Court finds that the plaintiff qualifies for in forma pauperis status and **GRANTS** his motion, but the Court directs the Clerk of the Court to await further order from the Court before issuing summons.

The Court turns to an evaluation of the plaintiff's complaint. The entire complaint consists of a single page conclusively alleging that the defendants violated the plaintiff's 5th and 6th Amendment rights. Dkt. No. 1 at 2. He refers generally to the "full truthful testimony of what happened" by referring to his other lawsuits—Case Numbers 6:21-cv-01042 and 6:21-cv-01136—both of which were previously dismissed by the Court. The plaintiff's claims for alleged violations of his Fifth and Sixth Amendment rights were previously dismissed by this Court. *See* Case No. 6:21-cv-01042, Dkt. No. 6 (addressing the plaintiff's allegations under the Fifth and Sixth Amendments among other claims); Case No. 6:21-cv-01136, Dkt. No. 5 (addressing the plaintiff's allegations under the Sixth Amendment). Because the complaint lacks any factual allegations of any kind, much less anything that could approach an allegation that his constitutional rights were violated, the complaint should be dismissed as frivolous. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must contain sufficient factual allegations to state a plausible claim). Additionally, as the plaintiff's current complaint fails to add any additional allegations beyond what was stated in his other cases, any claims he is attempting to now assert are barred by res judicata and collateral estoppel because they were previously decided against him. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (holding that an in forma pauperis complaint may be dismissed as frivolous when it attempts to relitigate facts that have already been unsuccessfully litigated).

### III.   ORDER and RECOMMENDATION

For the reasons explained above, the Court **ORDERS** that the plaintiff's Motion to

Proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**; directs the Clerk of the Court to await further order from the Court before issuing summons; and **RECOMMENDS** that this case be **DISMISSED** with prejudice.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 23rd day of June, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE